IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ELECTRONIC ARTS INC. SECURITIES LITIGATION<br><br>This Document Relates to: ALL ACTIONS | No. C-05-1219 MMC<br><br>**ORDER GRANTING MOTION TO DISMISS; VACATING HEARING**<br><br>(Docket No. 58) |

      Before the Court is the motion, filed September 26, 2005 by defendants Electronic Arts Inc. ("EA"), Warren C. Jenson ("Jenson"), and Lawrence F. Probst III ("Probst"), to dismiss the Consolidated Amended Complaint in the above-titled action.  Lead plaintiffs Stationary Engineers Local 39 Pension Trust Fund, City Pension Fund for Firefighters and Police Officers in the City of Miami Beach, Baden-Wuerttembergische Kapitalanlagegesellschaft mbH and Activest Investmentgesellschaft mbH have filed opposition to the motion; defendants have filed a reply.  Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), hereby VACATES the January 20, 2005 hearing, and rules as follows:

      1. With respect to plaintiffs' claim for violation of § 10(b) of the Securities Exchange Act of 1934:

          a. Contrary to defendants' argument, plaintiffs are not foreclosed by 15 U.S.C. § 78u-5(c)(1) from basing such claim on forward-looking statements accompanied by cautionary statements.  Such statements are actionable if knowingly false

when made.  See No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Corp., 320 F.3d 920, 936 (9th Cir. 2003) (noting, albeit in dicta, "[A] person may be held liable if the 'forward-looking statement' is made with 'actual knowledge . . . that the statement is false or misleading.'"); see also In re SeeBeyond Technologies Corp. Securities Litigation, 266 F. Supp. 2d 1150, 1165 (C.D. Cal. 2003) (interpreting § 78u-5(c)(1)'s "safe harbor" to exclude forward-looking statements made with actual knowledge of falsity; reasoning that "Congress could not have intended to foster the dissemination of information that is known to be false or misleading.").

      b.  Contrary to plaintiffs' argument, plaintiffs have not adequately alleged facts showing defendants had actual knowledge that the financial projections issued in EA's January 25, 2005 conference call and press release were false or misleading when issued. Plaintiffs' conclusory allegations that defendants had "access to daily sales data" inconsistent with such projections are insufficient.  (See Consolidated Amended Complaint ("CAC") ¶¶ 21-22, 51, 67.)  Plaintiffs must allege "hard numbers or other specific information."  See Nursing Home Pension Fund, Local 144 v. Oracle Corp., 380 F.3d 1226, 1231 (9th Cir 2004); Lipton v. PathoGenesis Corp., 284 F.3d 1027, 1036 (9th Cir. 2002). Similarly, although plaintiffs allege that defendants engaged in "improper sales practices," (see, e.g., CAC ¶¶ 7-8, 63-69), plaintiffs fail to allege with the requisite particularity how such practices precluded EA from achieving the financial projections at issue, and how defendants had actual knowledge that such practices would prevent EA from achieving its projected results.  See Lipton, 284 F.3d at 1036.  Additionally, plaintiffs fail to adequately allege the basis for the knowledge asserted by their confidential witnesses.  See In re Daou Systems Inc. Securities Litigation, 411 F.3d 1006, 1015 (9th Cir. 2005) (holding confidential witnesses must be "described with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged"). Finally, plaintiffs' reliance on defendants' stock sales is unavailing, as plaintiffs allege neither the percentage of shares sold by each defendant during the class period nor a trading history for a period of time sufficient to enable the Court to determine whether

defendants' sales were inconsistent with their prior trading practices.  See, e.g., Ronconi v. Larkin, 253 F.3d 423, 435 (9th Cir. 2001).

   c. Contrary to defendants' argument, plaintiffs have adequately alleged loss causation.  Allegations of a "steep drop in [defendant's] stock price following the revelation of [defendant's] true financial situation are sufficient to enable the complaint to survive a motion to dismiss".  See Daou, 411 F.3d at 1027.  Although defendants argue the price subsequently "recovered," plaintiffs' allegations that they "suffered economic losses," (see CAC ¶ 83), and "were damaged as a result of the . . . share price decline," (see id. ¶ 87), are sufficient.  See Dura Pharmaceuticals, Inc. v. Broudo, 125 S.Ct. 1627, 1634 (2005) (holding heightened pleading standard not applicable to allegations of loss causation).

   d. Accordingly, plaintiffs' § 10(b) claim is hereby DISMISSED, with leave to amend.

  2. With respect to plaintiffs' claim for violation of § 20(a) of the Securities Exchange Act of 1934:

   a. As plaintiffs have not adequately pleaded a claim for violation of § 10(b), they have not pleaded a claim for violation of § 20(a).  See Heliotrope General Inc. v. Ford Motor Co., 189 F.3d at 978 (noting there can be no liability under § 20(a) if primary violation of another section of Exchange Act is not sufficiently pleaded).

   b. Accordingly, plaintiffs' § 20(a) claim is hereby DISMISSED, with leave to amend.

  3. Plaintiffs may file an amended complaint within 21 days of the date of this order.

**IT IS SO ORDERED.**

Dated: January 5, 2006

            MAXINE M. CHESNEY
            United States District Judge